UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIAN TURGEON,**
Plaintiff,

CASE NO.:

vs.

**PERFORMANT RECOVERY, INC.,**
Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiff, BRIAN TURGEON [hereinafter Plaintiff] by and through undersigned counsel, and sues Defendant, PERFORMANT RECOVERY, INC. [hereinafter Defendant], and alleges:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act (FCCPA) by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in that the Defendant does business in Hernando County, Florida, the Plaintiff resides in Hernando County, Florida and the violations occurred in Hernando County, Florida.

## PARTIES

4. Plaintiff is a natural person who resides in Henando County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

5. Defendant, PERFORMANT RECOVERY, INC. is a collection agency headquartered in Livermore, California and is at all times mentioned in this complaint, a "collector" as defined by 15 U.S.C. §1692a (6).

## FACTS COMMON TO ALL COUNTS

6. The Plaintiff allegedly incurred a consumer "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat.

7. That debt was later transferred or assigned to the Defendant Performant Recovery, Inc. for the purpose of collection.

8. During the spring and summer of 2014, Defendant has repeatedly been telephoning the Plaintiff at his place of employment, the Florida Orthopedic Institute in Tampa, Florida. Plaintiff's workplace is a busy medical practice that strictly limits personal calls for employees.

9. Plaintiff and his co workers have repeatedly asked Defendant to stop calling Plaintiff's place of employment, however, the Defendant has continued to call and has disclosed the alleged debt to third parties.

10. In addition, the Defendant has repeatedly called Plaintiff's brother in law for no other reason to bully and embarrass the Plaintiff into paying the alleged debt.

11. On other occasions, the Defendant will frequently call and not identify itself.

12. As the Defendant also telephones the Plaintiff at his home, the Defendant is not trying to

find location information for the Plaintiff.

13. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain in his relationship with his family members.

14. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

15. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The foregoing acts and omissions of Defendant and their agents by refusing to stop communicating with the Plaintiff despite being on actual notice in writing that he refused to pay the alleged debt constitute numerous and multiple violations of the FDCPA including but not limited to

   a. § 1692 b(1) failed to identify themselves or failed to state that collector is confirming or correcting location information;

   b. 1692c(a)(3) at place of employment when knows that the employer prohibits such communications;

    c. 1692d any conduct the natural consequence of which is to harass, oppress or abuse any person;

    d. 1692d(6) place telephone calls without disclosing his identity.

17. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k (a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO:
## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

Plaintiff incorporates by reference paragraphs 6-14 of this Complaint as though fully stated herein.

18. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

19. By continuing to telephone Plaintiff's workplace and disclosing the debt, after being on notice that Mr. Turgeon could not take personal calls, the Defendant has violated the FCCPA by:

    a. …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; Fla. Stat. §559.72(7);

    b. Communicate or threaten to communicate with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. Fla. Stat. §559.72();

20. As a direct and proximate result of Defendant's action, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to her reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

21. Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff, demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

MAX STORY, P.A.

MAX STORY, ESQ.
Florida Bar No. 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
max@maxstorylaw.com
Attorney for Plaintiff